### 12181

### KEENAN *ET AL.* v. LUTHER *ET AL.*

#### (137 S. E., 144)

COURTS—FEDERAL COURT'S DECISION HOLDING BANKRUPTCY TRUSTEE ENTITLED TO FUNDS IMPOUNDED IN STATE COURT IN FORECLOSURE PROCEEDING, HELD BINDING ON STATE COURT.—Decision of Federal Circuit Court of Appeals, holding that trustee in bankruptcy is entitled to fund impounded in suit to foreclose mortgage in State Court, *held* binding on State Supreme Court on appeal.

Before TOWNSEND, J., Richland, June, 1922.   Disposition in accordance with opinion.

Action by William J. Keenan and another against Lizzie F. Luther, and others.   From a judgment favorable to O. C. Blackmon, Jr., as trustee in bankruptcy for Charles L. Bailey, and Dorothy Bailey, appeals.

*Messrs. Depass & Depass* and *Alfred Wallace, Jr.,* for appellant, cite: *Respondent by agreeing to case for appeal waived right to take advantage of appellants delay in perfecting appeal:* 80 S. C., 281; 61 S. E., 422. *Failure of party having information to his benefit to produce it:* 113 S. E., 465.   *Court first acquiring jurisdiction of cause:* 79 S. C., 318; 60 S. E., 928; 218 U. S., 258; 31 Sup. Ct., 11; 54 L. Ed., 1032; 177 U. S., 51; 20 Sup. Ct., 564; 44 L. Ed., 567; 118 U. S., 537; 23 Sup. Ct., 398; 52 L. Ed., 714; 11 Cyc., 1003; 15 C. J., 1161.   *When Court may give relief against judgment:* 118 S. E., 27; 96 S. C., 418; 81 S. E., 12; 90 S. C., 554; 73 S. E., 1032; 47 S. C., 493; 25 S. E., 285; 26 S. C., 581; 3 S. E., 477; 14 S. C., 331; Code Civ. Pro., 1922 Sec. 437.   *Same; procedure is by motion*

*in original cause:* 123 S. C., 771. *Rules governing motion for new trial on after-discovered evidence:* 71 S. C., 439; 51 S. E., 263; 27 S. C., 368; 3 S. E., 477; 29 Cyc., 881– 892. *Cases distinguished:* 9 Rich. Eq., 331; 1 McC. Ch., 22; 2 Treadw. Const., 852. *On rehearing Court will consider only record of case as originally heard:* 59 S. C., 195; 37 S. E., 225; 4 C. J., 643. *Appellate Court will consider only questions raised at trial:* 4 C. J., 642. *What is final decree:* 113 F., 742; 21 C. J., 643. *Res adjudicata:* 118 S. C., 470; 111 S. E., 15; 55 S. C., 507; 33 S. C., 583; 17 S. C., 35; 34 C. J., 750.

*Messrs. Weston & Aycock* and *D. W. Robinson,* for respondent, cite: *Judgment may be opened where fraud subsequently discovered:* 123 S. C., 239; 116 S. E., 450; 118 S. C., 478; 111 S. E., 15. *Third parties may intervene in foreclosure suit before confirmation of sale:* 120 S. E., 379; 126 S. C., 402; 125 S. C., 40; 118 S. E., 28; 120 S. C., 45; 1 S. C., 272. *When Court may give relief against judgment:* 120 S. E., 379; Code Civ. Pro., 1922 Sec. 437. *Same; procedure is by motion in original cause:* 126 S. C., 215; 119 S. E., 574; 112 S. C., 429; 100 S. E., 160; 90 S. C., 561; 73 S. E., 1032; 46 S. C., 490; 24 S. E., 458. *Parol evidence admissible to prove fraudlent nature of writing:* 4 Rawls, 141; 26 Am. Dec., 125; 10 R. C. L., 1059. *Trustee in bankruptcy may have relief against fraudulent assignment in State Court or banruptcy Court:* 30 Stat. at Large, 566; 32 Stat. at Large, 800; 1 Fed., Stat. Ann. 2nd Ed., 1212 and 1216; 253 F., 673; 250 U. S., 227; 63 L. Ed., 950; 249 U. S., 549; 63 L. Ed., 767; 5 Remington on Bankruptcy 3rd Ed., Secs. 2183 and 2187. *Trustee in bankruptcy entitled to property of bankrupt fraudulently assigned:* 1 Fed. Stat. Ann. 2nd Ed., 934 and 1212; 284 F., 10. *Courts will not enforce illegal contract:* 123 S. E., 847; 3 S. C. L., 171; 174 U. S., 554; 43 L. Ed., 1123; 2 Page on Contracts, 1946; 1 Suth. on Damages, 3rd Ed., 12.

*Appeal waived by failure to perfect:* 126 S. E., 647; 121 S. C., 377; 113 S. E., 438; 106 S. C., 199; 90 S. E., 753. *Not necessary to plead laches:* 106 S. C., 313; 91 S. E., 312. *Plaintiff estopped to assert "excusable inadvertence" where his action caused defendant to change his status:* 121 S. C., 376; 113 S. E., 438; 2 Pom. Eq. Jur., 4th Ed., 1635, 1644 and 2094. *Jurisdiction of bankruptcy Court to administer assets and determine priorities:* 286 F., 150; 236 F., 411 170 F., 697; 225 U. S., 216; 56 L. Ed., 1055; 108 U. S., 552; 49 L. Ed., 1157. *Bankruptcy Court may determine validity of mortgage:* 253 U. S., 272; 64 L. Ed., 900; 283 F., 378. *Federal Court may enjoin foreclosure in State Court after adjudication in bankruptcy:* 292 F., 269; 282 F., 868; 253 F., 673; 219 F., 418; 206 F., 28; 222 U. S., 306; Black on Bankruptcy 3rd Ed., 857 and 1167. *Waiver of jurisdictional question by going to trial:* 240 U. S., 649; 60 L. Ed., 846; 237 U. S., 25; 59 L. Ed., 823; 278 F., 19; 234 F., 55; 148 C. C. A., 71; 192 F., 874; 113 C. C. A., 200. *Federal and State Courts have concurrent jurisdiction of this cause:* 30 Stat. at Large 566; 32 Stat. at Large 800; 1 Fed. Stat. Ann., 3rd Ed., 1212; 253 F., 673; 250 U. S., 227; 63 L. Ed., 950; 225 U. S., 217; 56 L. Ed., 1062. *Res non adjudicata:* 128 S. C., 402; 122 S. E., 498; 122 S. E., 400; 123 S. C., 239; 116 S. E., 450; 118 S. C., 478; 111 S. E., 15. *Appellant should have raised question of res adjudicata in Federal Court:* 128 S. C., 113; 122 S. E., 400; 126 S. E., 647.

March 16, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This case was first submitted to this Court on printed arguments in December, 1924. An opinion was subsequently rendered and filed, but upon petition a rehearing was granted. A bankruptcy case involving the same fund was

pending in the Circuit Court of Appeals for the Fourth Circuit about the same time. A decision was rendered in the latter case in December, 1924. 3 F. (2nd), 252. These two decisions were in conflict, and each of the Courts, this Court and the Circuit Court of Apppeals, granted rehearings, and both rehearings were had about April, 1925.

The Circuit Court of Appeals decided the case before it, which is entitled *C. T. Bailey* and *Others v. O. C. Blackmon, Trustee, et al.,* on June 8, 1926. 14 F. (2nd), 16. This decision reaffirms the first opinion of that Court, holding that the trustee in bankruptcy was entitled to the fund in controversy, which is in the hands of the Master of Richland County.

We are of opinion that the decision of the Circuit Court of Appeals is binding in this case.

It is therefore ordered that the fund in the hands of the Master of Richland County be turned over to the trustee in bankruptcy of C. T. Bailey.

MESSRS. JUSTICES COTHRAN, MARION and MR. ACTING ASSOCIATE JUSTICE JOHNSON concur.